CHRISTOPHER SHINHOLSTER,

    Plaintiff,

v.                                CIVIL ACTION NO.: CV606-073

GLENN RICH, Warden; R. D. COLLINS;
JOHN W. PAUL, Deputy Warden;
Lt. REGIONAL LANGSTON, and
Lt. BYRD,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Christopher Shinholster ("Plaintiff"), who was formerly incarcerated at Rogers State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. Defendant Rich ("Rich") filed a Motion for Summary Judgment, and Plaintiff responded. Rich filed a Reply. For the reasons which follow, Defendant Rich's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges he was assaulted by officers at Rogers State Prison in August 2004. Plaintiff maintains Defendant Rich, who was the Warden at Rogers State Prison at the time, condoned, instigated, and was deliberately indifferent to a history, pattern, and practice of assaults at the prison.

Rich asserts they were no reports of any excessive use of force incident involving Plaintiff while he was an inmate at Rogers State Prison. Rich also asserts there is no

evidence to support Plaintiff's claim that he knew of a systemic problem of abuse at Rogers State Prison prior to the alleged incident. Rich further asserts he did not turn a blind eye to any use of force incidents at the prison, nor has he condoned such uses of force or the falsification of any paperwork detailing such events.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the

nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Plaintiff's Claims Based on Respondeat Superior Principles**

Rich asserts Plaintiff has failed to establish a constitutional deprivation, and thus, the Court need not consider Plaintiff's supervisory liability claims against him. Rich also asserts, assuming the Court finds Plaintiff established a constitutional violation, Plaintiff must show the existence of a causal connection between the constitutional deprivation and Rich's actions. Rich contends at the time Plaintiff was allegedly assaulted at Rogers State Prison, there was no evidence of the widespread use of excessive force incidents at the prison. Rich alleges he gathered information about any use of force incidents and forwarded his findings to Internal Investigations Division whenever he received notice of complaints of any use of force incidents. Rich also alleges there is no evidence he directed anyone to assault inmates or that he knew an official at the prison acted unlawfully. Plaintiff avers Rich, as the Warden at Rogers State Prison, instigated, condoned, and was deliberately indifferent to a practice and pattern of attacks on inmates.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

Rich states he referred every instance of excessive force an inmate asserted to the Internal Investigations Division for review. Rich also states he did not have the authority to take action against an employee in the absence of an adverse finding by Internal Investigations. (Rich Aff., ¶ 8). According to Rich, the number of use of force incident reports and grievances filed per month decreased during his time as Warden at Rogers State Prison. Rich alleges these statistics did not indicate to him that there was a systemic problem with excessive use of force incidents at Rogers State Prison. (Rich Aff., ¶ 9). Rich also alleges he was never made aware of Plaintiff's contention that he was subjected to the excessive use of force while at Rogers State Prison. (Rich Aff., ¶ 12).

Plaintiff, on the other hand, asserts Rich "instigated, condone, and [was] deliberately indifferent" to a practice and pattern of attacks about which Rich knew.

(Doc. No. 55, p. 25). Plaintiff alleges Tommy Cardell, a former corrections officer, testified to recording and/or witnessing approximately 110 assaults of inmates at Rogers State Prison. Plaintiff contends Cardell also testified these assaults were a common practice which were condoned and instigated by Rich. (Id.) Cardell also provided an affidavit in Case Number 6:05CV64, which Plaintiff's counsel attached as an exhibit to his Response to Rich's Motion. In this affidavit, Cardell states it was common knowledge that assaults were occurring about two to three times a week and that Rich "knew about and condoned the routine" assaults. (Doc. No. 51, Ex. A., p. 1).

The undersigned recognizes Plaintiff *may* have presented some evidence that Rich may have been aware of a pattern or practice of alleged assaults at some point at Rogers State Prison. However, this evidence is not of the value which would allow Plaintiff to discharge his burden in this summary judgment motion. The Honorable B. Avant Edenfield rejected the same evidence Plaintiff seeks to proffer in this case on previous occasions. See Hooks v. Rich, CV605-65 (S.D. Ga. March 28, 2007) (attached as Def.'s Ex. A to Doc. No. 63), and Graham v. Rich, CV405-80 (S. D. Ga. Jan. 18, 2007) (attached as Def.'s Ex. B to Doc. No. 63). Rich has put into evidence that Tommy Cardell was on a leave of absence beginning in May 2003, and there is no evidence to refute the implication that Cardell was still on a leave of absence in August 2004, when the events Plaintiff described allegedly occurred. Thus, Cardell's knowledge of what Rich knew or may have known in August 2004 is tenuous, at best. Additionally, while the Court notes Plaintiff's references to the numerous lawsuits filed on behalf of current and former inmates at Rogers State Prison in which the same general allegations were made, these also are insufficient bases to overcome Rich's

Motion. Many, if not all, of these cases were filed in 2005 or later, which is after Plaintiff was allegedly assaulted by officers at Rogers State Prison. (Doc. No. 51, Ex. C). Moreover, Plaintiff's deposition testimony reveals his feelings that Rich would be liable for the actions of officials at Rogers State Prison simply because his was the Warden at Rogers State Prison. (Doc. No. 32, p. 201). Having rejected any extrinsic evidence Plaintiff has offered to refute Rich's Motion, the only contention left for the Court's consideration is Plaintiff's unsupported generalization that Rich instigated, condone, and was deliberately indifferent to a practice or pattern of attacks at the time Plaintiff was allegedly subjected to an excessive use of force. This is insufficient to overcome Plaintiff's burden on a motion for summary judgment. Rich is entitled to summary judgment on Plaintiff's contention that he is responsible for the actions of his subordinates.

## II. 18 U.S.C. § 2340

Defendant Rich asserts 18 U.S.C. § 2340 creates no right for Plaintiff to seek redress, as this statute does not provide for an individually enforced right. Rich asserts section 2340 is a criminal statute, and thus, is inapplicable to the case at hand.

18 U.S.C. § 2340A(a) provides: "Whoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both, and if death results to any person from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life." "Nothing in this chapter shall be construed as precluding the application of State or local laws on the same subject, nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any civil

proceeding." 18 U.S.C. § 2340B. 18 U.S.C. § 2340 is the statute which defines "torture" within the meaning of § 2340A.

Section 2340A is a criminal statute and does not allow an individual to pursue a claim in a civil proceeding. To the extent Plaintiff seeks to recover for acts of torture, as defined in this statute, he cannot do so. Rich is entitled to summary judgment as to any claims of torture Plaintiff may have set forth pursuant to this statute.

### III. Georgia Constitution Claims

Rich asserts Plaintiff seeks recovery under the Georgia constitution and that his claims are governed by the Georgia Tort Claims Act. Rich avers the Georgia Tort Claims Act is the exclusive remedy for any tort action brought against the State, and, accordingly, Plaintiff was required to give notice of his claims to the appropriate government agency and the Risk Management Division of the Department of Administrative Services. Rich also avers the Georgia Tort Claims Act does not provide for a cause of action against a State employee in his individual capacity.

A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). However, section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights. City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.1 (11th Cir. 2002) (citing Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)). Plaintiff brought the instant cause of action pursuant to 42 U.S.C. § 1983. (Compl., p. 1). To the extent Plaintiff

seeks to recover under § 1983 for alleged violations of state laws, he cannot do so. Accordingly, it is unnecessary to address Rich's assertion that he is immune from suit pursuant to the Georgia Tort Claims Act. See O.C.G.A. § 50-21-25(a) ("A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor."). Thus, Rich is entitled to summary judgment to the extent Plaintiff attempts to assert claims against him pursuant to State law.

It is unnecessary to address the remaining ground Rich sets forth in his Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Rich's Motion for Summary Judgment (Doc. No. 39) be **GRANTED**, and that Plaintiff's claims against Defendant Rich be **dismissed**.

SO REPORTED and RECOMMENDED, this 24th day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE