CHRISTOPHER SHINHOLSTER,

Plaintiff,

v.

CIVIL ACTION NO.: CV606-073

GLENN RICH, Warden; R. D. COLLINS;
JOHN W. PAUL, Deputy Warden;
Lt. REGIONAL LANGSTON, and
Lt. BYRD,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Christopher Shinholster ("Plaintiff"), who was formerly incarcerated at Rogers State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. Defendant Michael Byrd ("M. Byrd") filed a Motion to Dismiss, or in the alternative, for Summary Judgment, and Plaintiff responded. M. Byrd filed a Reply. For the reasons which follow, Defendant Michael Byrd's Motion should be **GRANTED**.

### STATEMENT OF THE CASE

Plaintiff alleges Defendant M. Byrd was one of the officers who assaulted him while he was housed at Rogers State Prison. Plaintiff contends M. Byrd escorted him to Defendant Collins' office while Plaintiff was handcuffed. Plaintiff further contends he was taken into Defendant Collins' office, where M. Byrd struck him on the side of his face. Plaintiff also asserts he was not taken to the prison's medical unit for treatment of

his wounds and was placed in solitary confinement for eight (8) days until outward evidence of his physical injuries could heal.

M. Byrd asserts Plaintiff failed to comply with Rule 21 of the Federal Rules of Civil Procedure prior to filing his Amended Complaint in which Plaintiff asserted claims against M. Byrd. M. Byrd also asserts the applicable statute of limitations expired before Plaintiff filed his Amended Complaint; therefore, Plaintiff's claims against him are time barred. Finally, M. Byrd asserts there are no genuine issues of material fact as to Plaintiff's claims against him, and he is entitled to summary judgment as a matter of law.

## **STANDARD OF DETERMINATION**

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil

Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

M. Byrd contends Plaintiff's Amended Complaint, in which Plaintiff set forth claims against him, should be dismissed because Plaintiff filed his Amended Complaint after the statute of limitations applicable to section 1983 cases expired. M. Byrd asserts Plaintiff's Amended Complaint does not relate back to Plaintiff's original Complaint because the statute of limitations expired prior to the filing of the Amended Complaint. M. Byrd avers the events about which Plaintiff filed his original Complaint occurred as early as August 19, 2004, but no later than August 22, 2004, and thus, Plaintiff's Amended Complaint, which was filed on August 23, 2006, is untimely. M. Byrd contends Plaintiff does not satisfy the relation back requirements of Fed. R. Civ. P. 15(c)(3).[1]

---

[1] The undersigned will address Plaintiff's "Response" to M. Byrd's Motion later in this discussion, as the pleading does not provide much in the way of argument.

Rule 15(c)(3) controls in situations when a party wishes to add an individual to a cause of action. "An amendment of a pleading relates back to the date of the original pleading when

> the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2)[2] is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

However, in those situations "when an amendment seeks to change a party against whom a claim is asserted, . . . Rule 15(c)(3) requires more than a showing that the claim arose out of the same conduct or transaction originally pleaded; when an amendment seeks to change or add a defendant, Rule 15(c)(3) introduces considerations of both prejudice and notice." Cliff v. Payco General American Credits, Inc., 363 F.3d 1113, 1131 (11th Cir. 2004). The purpose of the relation back provisions contained in Rule 15(c) does not support relation back in a situation where the newly added defendant was "known to the plaintiff before the running of the statute of limitations and where the potential defendant[ ] should not necessarily have known that, absent a mistake by the plaintiff, [he] would have been sued." Powers v. Graff, 148 F.3d 1223, 1226 (11th Cir. 1998). In § 1983 cases, the applicable statute of limitations, determined by state law, is two years from the date of an alleged injury. Harding v. Staub, 490 U.S. 536, 538, 109 S. Ct. 1998, 2000, 104 L. Ed. 2d 582 (1989); O.C.G.A. § 9-3-33.

---

[2] "[T]he claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" Fed. R. Civ. P. 15(c)(2)

Plaintiff was allegedly assaulted at Rogers State Prison on August 22, 2004, and thus, he had until August 22, 2006, to file his claims against the Defendants.[3] (Doc. No. 32, p. 124). Plaintiff filed his Complaint on August 14, 2006, and named as Defendants: Warden Glenn Rich, Deputy Warden R.D. Collins, Deputy Warden John Paul, Lieutenant Regional Langston, and Lieutenant Byrd. (Doc. No. 1). On August 23, 2006, Plaintiff filed his Amended Complaint and named Officer Michael Byrd as a Defendant. (Doc. No. 2). However, the only difference between Plaintiff's original Complaint and his Amended Complaint is the addition of M. Byrd as a Defendant; Plaintiff set forth no additional facts against any Defendant in his Amended Complaint. Plaintiff admits he knew Michael Byrd was the name of the officer who allegedly struck him on the side of his face while he was still imprisoned. (Doc. No. 54, p. 4). Plaintiff was released from prison on August 1, 2006 (Doc. No. 32, pp. 30-31), and thus, he knew at the time he filed his Complaint on August 14, 2006, that M. Byrd should have been named a Defendant in this case at the time he filed his Complaint and certainly no later than August 22, 2006. Accordingly, Plaintiff's Amended Complaint, in which Michael Byrd was named a Defendant, was filed outside of the applicable statute of limitations. The next question to answer is whether Plaintiff's Amended Complaint relates back to his original Complaint so that the statute of limitations is inconsequential. The undersigned answers this question in the negative.

In Powers, the Eleventh Circuit Court of Appeals upheld the lower court's decision that the plaintiffs were not entitled to relation back. The Eleventh Circuit noted that the Advisory Committee Notes for Rule 15 deal with "the problem of the misnamed

---

[3] There is some discrepancy as to when Plaintiff was alleged to have been assaulted, but it appears to be no later than August 22, 2004, and as early as August 19, 2004.

defendant. Nothing in the Rule or in the Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged." Powers, 148 F.3d at 1227. The court also noted that the plaintiffs knew the potential defendants' identity before the statute of limitations period expired, and "even the most liberal interpretation of 'mistake' [as contained in Rule 15(c)(3)(B)] cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset." Id.

Much like the plaintiffs in Powers, Plaintiff is not entitled to relation back of his Amended Complaint. Plaintiff knew of Michael Byrd's identity before the expiration of the statute of limitations and the filing of his Complaint in this case, and, for whatever reason, did not name M. Byrd in his original Complaint. The undersigned recognizes Plaintiff's assertion that M. Byrd had notice. However, Plaintiff asserts M. Byrd had "notice *of beating of Plaintiff* since he was a perpetrator." (Doc. No. 54, p. 5). This is not the "notice" contemplated by Rule 15. The notice contemplated by Rule 15 is that all potential parties know or should know they will be subject to suit. M. Byrd did not learn of his status as a Defendant in this case until September 2006, and there is nothing in the original Complaint which would have put M. Byrd on notice of his status as a potential defendant. (Doc. No. 36, p. 7). The recommended result would likely be different on this Motion had Plaintiff listed "John Doe" as a defendant, made some reference to another potential defendant in the Complaint, or amended his Complaint based on a belief that Lieutenant Randy Byrd and Officer Michael Byrd were the same person. See Wayne v. Jarvis, 197 F.3d 1098, 1103 (11th Cir. 1999) (recognizing a plaintiff can correct a formal defect in his pleadings, such as a misnomer or

AO 72A
(Rev. 8/82)

6

misidentification of a party, under Rule 15). Plaintiff's Amended Complaint was filed outside of the applicable statute of limitations period, and his Amended Complaint does not relate back to his original Complaint within the meaning of Rule 15(c)(3).

It is unnecessary to address the remaining portions of M. Byrd's Motion.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendant Michael Byrd (Doc. No. 35) be **GRANTED** and Plaintiff's claims against Defendant Michael Byrd be **dismissed**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE