# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

CHRISTOPHER SHINHOLSTER,

Plaintiff,

v.

CIVIL ACTION NO.: CV606-073

GLENN RICH, Warden; R. D. COLLINS;
JOHN W. PAUL, Deputy Warden;
Lt. REGIONAL LANGSTON, and
Lt. BYRD,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Christopher Shinholster ("Plaintiff"), who was formerly incarcerated at Rogers State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. Defendant Langston ("Langston") filed a Motion for Summary Judgment, and Plaintiff responded. Langston filed a Reply. For the reasons which follow, Langston's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges he was assaulted by officers at Rogers State Prison at the instigation of Defendants Paul and Collins, who were Deputy Wardens at Rogers State Prison at the time of this alleged incident. Plaintiff contends Langston escorted him to meet Defendant Collins, and Plaintiff was told to wait and stand with his face close against the wall. Plaintiff also contends Defendant Paul asked him a question, which he could not hear, and then Defendant Lieutenant Byrd elbowed Plaintiff in the back of his head. Plaintiff further contends he was taken into Defendant Collins' office, where he was assaulted by Defendant Langston. Plaintiff asserts he was not taken to the prison's

medical unit for treatment of his wounds and was placed in solitary confinement for eight (8) days until outward evidence of his physical injuries could heal.

Langston asserts that Plaintiff claims no injury whatsoever from the blows allegedly administered by him. Langston asserts there is no evidence to support Plaintiff's contentions, and, in contrast, there is "a stack of medical evidence" to show the contrary of Plaintiff's contentions. (Doc. No. 65, p. 10). Langston also asserts Plaintiff has not stated a valid cause of action pursuant to 18 U.S.C. § 2340 and the Georgia constitution.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil

Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Plaintiff's Excessive Use of Force Claims

Langston asserts Plaintiff regularly fabricated events to manipulate transfers within the Georgia prison system. Langston also asserts Plaintiff did not tell anyone with the prison system of the alleged assault until almost two (2) years after the incident, even though he was seen by medical and mental health professionals on an "almost daily" basis after this alleged incident. (Doc. No. 65, p. 9). Langston contends the problems Plaintiff complained about were attributed to an old gunshot wound. In addition, Langston states Plaintiff does not claim he suffered any injury from the two blows he allegedly administered to Plaintiff. Langston avers the only injury Plaintiff has which could be considered more than a de minimis injury is chronic headaches;

however, Langston avers, absent any proof this alleged use of force caused an increase in the severity of his headaches, Plaintiff cannot sustain an Eighth Amendment claim.

Plaintiff alleges he was hit a total of four (4) times by Lieutenant Randy Byrd, Langston, and Michael Byrd. Plaintiff asserts Langston hit him twice on the right side of his head with an open hand. (Doc. No. 56, pp. 5-6). Plaintiff contends he received injuries as a result of the hits Lieutenant Byrd and Michael Byrd administered to him; however, Plaintiff does not contend he received any injuries as a result of Langston's hits.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. Id. at 321, 106 S. Ct. at 1085. To establish a claim for

excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

The evidence before the Court reveals the existence of a genuine issue of material fact as to whether Defendant Langston assaulted Plaintiff without justification, and thus, there is a genuine issue of material fact as to the subjective component of the excessive use of force analysis. According to Plaintiff, Langston hit him twice on the right side of his head and face with an open hand. (Doc. No. 56, p. 5; Doc. No. 51, pp. 3-4; Doc. No. 32, pp. 61, 62, 64, 172-73). Langston essentially denies that he assaulted Plaintiff at any time. (Doc. No. 65). The evidence before the Court also reveals Plaintiff's admission that he received "no swelling or bruising or other injury from either of the blows allegedly landed by Defendant Langston." (Doc. No. 56, p. 6). Nothing in the record, including Plaintiff's deposition, refutes this admission. Accordingly, Plaintiff has failed to satisfy his burden of establishing that more than a de minimis injury resulted. Thus, Langston is entitled to summary judgment on Plaintiff's excessive force claims.

## II. 18 U.S.C. § 2340

Langston asserts 18 U.S.C. § 2340 creates no right for Plaintiff to seek redress, as this statute does not provide for a private right of action. Langston also asserts section 2340 prohibits torture occurring outside of the United States, and thus, is inapplicable to the case at hand.

18 U.S.C. § 2340A(a) provides: "Whoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20

years, or both, and if death results to any person from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life." "Nothing in this chapter shall be construed as precluding the application of State or local laws on the same subject, nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any civil proceeding." 18 U.S.C. § 2340B. 18 U.S.C. § 2340 is the statute which defines "torture" within the meaning of § 2340A.

Section 2340A is a criminal statute and does not allow an individual to pursue a claim in a civil proceeding. To the extent Plaintiff seeks to recover for acts of torture, as defined in this statute, he cannot do so. Langston is entitled to summary judgment as to any claims of torture Plaintiff may have set forth pursuant to this statute.

### III. Georgia Constitution Claims

Langston contends Plaintiff seeks recovery under the Georgia constitution for claims under state law, which are governed by the Georgia Tort Claims Act. Langston avers the Georgia Tort Claims Act is the exclusive remedy for any tort action brought against the State, and, accordingly, Plaintiff was required to give notice of his claims to the appropriate government agency and the Risk Management Division of the Department of Administrative Services. Langston also avers the Georgia Tort Claims Act does not provide for a cause of action against a State employee in his individual capacities.

A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a

person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). However, section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights. City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.1 (11th Cir. 2002) (citing Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)). Plaintiff brought the instant cause of action pursuant to 42 U.S.C. § 1983. (Compl., p. 1). To the extent Plaintiff seeks to recover under § 1983 for alleged violations of state laws, he cannot do so. Accordingly, it is unnecessary to address Langston's assertion that he is immune from suit pursuant to the Georgia Tort Claims Act. See O.C.G.A. § 50-21-25(a) ("A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor."). Thus, Langston is entitled to summary judgment to the extent Plaintiff attempts to assert claims against him pursuant to State law.

It is unnecessary to address the remaining grounds set forth in Langston's Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Langston's Motion for Summary Judgment (Doc. No. 43) be **GRANTED**, and that Plaintiff's claims against Defendant Langston be **dismissed**.

SO REPORTED and RECOMMENDED, this 27 day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE