CHRISTOPHER SHINHOLSTER,

    Plaintiff,

v.

CIVIL ACTION NO.: CV606-073

GLENN RICH, Warden; R. D. COLLINS;
JOHN W. PAUL, Deputy Warden;
Lt. REGIONAL LANGSTON, and
Lt. BYRD,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Christopher Shinholster ("Plaintiff"), who was formerly incarcerated at Rogers State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. Defendants Paul and Collins filed a Motion for Summary Judgment, and Plaintiff responded. Defendants Paul and Collins filed a Reply. For the reasons which follow, the Motion filed by Defendants Paul and Collins should be **GRANTED**, in part, and **DENIED**, in part.

## STATEMENT OF THE CASE

Plaintiff alleges he was assaulted by officers at Rogers State Prison at the instigation of Defendants Paul and Collins, who were Deputy Wardens at Rogers State Prison at the time of this alleged incident. Plaintiff contends he was escorted to meet Defendant Collins and was told to wait and stand with his face close against the wall.

Plaintiff also contends Defendant Paul asked him a question, which he could not hear, and then Defendant Lieutenant Byrd elbowed Plaintiff in the back of his head. Plaintiff further contends he was taken into Defendant Collins' office, where he was assaulted by Defendant Langston while Defendant Lieutenant Byrd laughed. Plaintiff asserts Defendant Paul came to his cell on several occasions and verbally harassed him. Plaintiff also asserts he was not taken to the prison's medical unit for treatment of his wounds and was placed in solitary confinement for eight (8) days until outward evidence of his physical injuries could heal. Plaintiff maintains Defendants Paul and Collins, as supervisors at the prison, condoned, instigated, and were deliberately indifferent to a history, pattern, and practice of assaults at the prison.

Defendants Paul and Collins assert they are no reports of any excessive use of force incident involving Plaintiff while he was an inmate at Rogers State Prison. Defendants Paul and Collins allege there is no evidence to support Plaintiff's claim that they knew of a systemic problem of abuse at Rogers State Prison prior to the alleged incident.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v.

Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Plaintiff's Failure to Intervene Claim

Defendants Paul and Collins assert Plaintiff regularly fabricated events to manipulate transfers within the Georgia prison system. Defendants Paul and Collins also assert Plaintiff did not tell anyone with the prison system of the alleged assault until

almost two (2) years after the incident, even though he was seen by medical and mental health professionals on an "almost daily" basis after this alleged incident. (Doc. No. 29, p. 11). Defendants Paul and Collins contend Plaintiff suffered from headaches prior to the alleged incident, and Plaintiff stated he suffered from headaches as a result of a gunshot would he received in 1999. Defendants Paul and Collins contend the only injury Plaintiff may have sustained from this alleged incident is some swelling, which constitutes a de minimis injury.

Plaintiff asserts Defendant Paul saw Defendant Lieutenant Byrd strike him in the head with his elbow; Plaintiff also asserts Defendant Collins witnessed three other strikes he received. Plaintiff alleges the assaults left him with swelling to his forehead and jaw and that he suffers from chronic headaches. Plaintiff also alleges the counselor with whom he met the day after this alleged assault did not document any bruising or swelling he had.

The law of this circuit is that "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance. Therefore, an officer who is present at such a beating and fails to intervene may be held liable though he administered no blow." Velazquez v. City of Haileah, 484 F.3d 1340, 1341-42 (11th Cir. 2007) (internal citations omitted).

The evidence before the Court reveals the existence of genuine issues of material fact. For example, on one occasion, Plaintiff admits he is unsure if Defendant Paul witnessed the assault on him (Doc. No. 53, p. 5), whereas, on another occasion, Plaintiff claims Defendant Paul did witness this assault. (Doc. No. 53, p. 16).

4

Defendant Paul denies he witnessed any use of force incident involving Plaintiff. (Paul Aff., ¶ 10). Plaintiff also claims Defendant Collins witnessed this excessive use of force incident, as part of it occurred in his office. (Doc. No. 53, p. 6; Doc. No. 32, p. 61). Like Defendant Paul, Defendant Collins denies witnessing any use of force incident involving Plaintiff. (Collins Aff., ¶ 15). Additionally, Defendants Paul and Collins contend that, if Ms. Smiley, the counselor with whom Plaintiff met the day after this alleged use of force incident, had noticed any bruising or swelling during her meetings with Plaintiff, she would have noted these injuries, offered to obtain medical attention for him, and reported Plaintiff's injuries to security. (Doc. No. 30, p. 6; Smiley Aff., ¶ 9). Plaintiff, however, states Ms. Smiley did not document any injuries he sustained, not that he did not sustain any injuries (Doc. No. 53, p. 7); Plaintiff indicates Smiley may have "already know[n] what [was] going on", even though he did not tell her he was assaulted. (Doc. No. 32, p. 68). Moreover, the Court recognizes the lack of medical evidence supporting Plaintiff's assertion that he suffered injuries as a result of an excessive use of force. Having noted this, however, the Court cannot ignore Plaintiff's assertions that he was afraid to tell anyone about this alleged incident out of fear of being assaulted again (e.g., Doc. No. 53, p. 7), the use of force incident allegedly left him with swelling to his forehead and jaw (id.; Doc. No. 32, p. 176), he was placed in solitary confinement for eight (8) days while outward evidence of his injuries healed (Doc. No. 51, p. 4), and that he had an increase in spells of dizziness and the severity and regularity of his headaches after this alleged incident. (Doc. No. 32, pp. 81-82). Even Defendants Paul and Collins recognize Plaintiff's chronic headaches could be considered more than a de minimis injury[1], despite the absence of evidence that these headaches were caused by

---

[1] To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a

the alleged use of force incident. (Doc. No. 29, p. 14). Plaintiff may be able to prove the increase in dizzy spells and headaches was a result of the assaults Defendants Paul and Collins allegedly witnessed. See Harris v. Chapman, 97 F.3d 499, 505-06 (11th Cir. 1996) (recognizing the exacerbation of pre-existing injuries can be more than a de minimis injury). Defendants Paul and Collins present issues which cannot be decided in a motion for summary judgment. Much of what Defendants Paul and Collins contend on Plaintiff's failure to intervene claim represents determinations which must be reached by a jury, such as the credibility of the parties. Accordingly, Defendants Paul and Collins are not entitled to summary judgment on Plaintiff's failure to intervene claims.

## II.  Plaintiff's Claims Based on Respondeat Superior Principles

Defendants Paul and Collins contend there is no evidence that they knew of or should have known about the potential for the use of excessive force by officers at Rogers State Prison. Defendants Paul and Collins aver Plaintiff's allegations against them[2] amount to nothing more than claims against them based on their supervisory positions. Defendants Paul and Collins maintain there can be no claim against them, absent evidence they knew of the excessive use of force and failed to take action. Plaintiff contends there was a pattern or practice of officers abusing prisoners, which was covered up by the warden and deputy wardens at Rogers State Prison.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d

---

malicious and sadistic purpose to inflict harm and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).
[2] It appears Defendants Collins' and Paul's assertions under this section exclude the portions of Plaintiff's claims these Defendants witnessed different portions of the alleged abuse and failed to intervene on his behalf.

797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

Defendants Paul and Collins state they were never made aware of Plaintiff's contention that he was subjected to the excessive use of force while at Rogers State Prison. (Doc. No. 30, p. 17). Defendant Paul contends he was the Deputy Warden for Care and Treatment at Rogers State Prison at the time of the alleged incident, and he did not have access to information regarding the number of excessive use of force incidents. (Doc. No. 30, p. 12). Defendant Collins avers the number of excessive use of force incidents reflected in incident reports and grievances decreased since he began working at Rogers State Prison. Defendant Collins also avers nothing from these statistics would have indicated there were systemic problems at Rogers State Prison of excessive uses of force. (Doc. No. 30, pp. 18-19).

Plaintiff, on the other hand, asserts Defendants Paul and Collins "instigated, condone, and [were] deliberately indifferent" to a practice and pattern of attacks about which they knew. (Doc. No. 53, p. 24). Plaintiff alleges Tommy Cardell, a former corrections officer, testified to recording and/or witnessing approximately 110 assaults

of inmates at Rogers State Prison. Plaintiff contends Cardell also testified these assaults were a common practice which were condoned and instigated by Defendants Paul and Collins. (Doc. No. 53, pp. 25-26). Cardell also provided an affidavit in Case Number 6:05CV64, which Plaintiff's counsel attached as an exhibit to his Response to the Defendants' Motions. In this affidavit, Cardell states it was common knowledge that assaults were occurring about two to three times a week and that Defendant Collins[3] "knew about and condoned the routine" assaults. (Doc. No. 51, Ex. A., p. 1).

The undersigned recognizes Plaintiff *may* have presented some evidence that Defendants Paul and Collins may have been aware of a pattern or practice of alleged assaults at some point at Rogers State Prison. However, this evidence is not of the value which would allow Plaintiff to discharge his burden in this summary judgment motion. The Honorable B. Avant Edenfield rejected the same evidence Plaintiff seeks to proffer in this case on previous occasions. See Hooks v. Rich, CV605-65 (S.D. Ga. March 28, 2007), and Graham v. Rich, CV405-80 (S. D. Ga. Jan. 18, 2007). There is evidence of record that Tommy Cardell was on a leave of absence beginning in May 2003, and there is no evidence to refute the implication that Cardell was still on a leave of absence in August 2004, when the events Plaintiff's described allegedly occurred. Thus, Cardell's knowledge of what Defendants Paul and Collins knew or may have known in August 2004 is tenuous, at best. Additionally, while the Court notes Plaintiff's references to the numerous lawsuits filed on behalf of current and former inmates at Rogers State Prison in which the same general allegations were made, these also are insufficient bases to overcome the Motion filed by Defendants Paul and Collins. Many, if not all, of these cases were filed in 2005 or later, which is after Plaintiff was allegedly

---

[3] Cardell's affidavit does not reference Defendant Paul.

assaulted by officers at Rogers State Prison. (Doc. No. 51, Ex. C). Moreover, nothing can be gleaned from Plaintiff's deposition testimony other than his belief that Defendants Paul and Collins should be liable for the actions of officials at Rogers State Prison simply because they held supervisory positions at Rogers State Prison. (Doc. No. 32). Having rejected any extrinsic evidence Plaintiff has offered to refute this portion of the Motion filed by Defendants Paul and Collins, the only contention left for the Court's consideration is Plaintiff's unsupported generalization that Defendants Paul and Collins instigated, condoned, and were deliberately indifferent to a practice or pattern of attacks at the time Plaintiff was allegedly subjected to an excessive use of force. This is insufficient to overcome Plaintiff's burden on a motion for summary judgment. Defendants Paul and Collins are entitled to summary judgment on Plaintiff's contention that they are responsible for the actions of their subordinates based on their supervisory positions.

### III. Qualified Immunity

Defendants Paul and Collins allege they were performing their discretionary duties at the time of the events giving rise to the instant cause action. Defendants Paul and Collins contend, even if this Court were to find Plaintiff's constitutional claims viable, Plaintiff cannot show there was clearly established law in place at the time of this alleged incident to put them on notice that their actions were unconstitutional.

Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope

AO 72A
(Rev. 8/82)

9

v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002)). A government official must first prove that he was acting within his discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority. Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1303 (11th Cir. 2006). Once the government official has shown he was acting within his discretionary authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. "In resolving questions of qualified immunity, courts are required to resolve a threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry. If, and only if, the court finds a violation of a constitutional right, the next, sequential step is to ask whether the right was clearly established . . . in light of the specific context of the case." Scott v. Harris, ___ U.S. ___, 127 S. Ct. 1769, 1774, 167 L. Ed. 2d 686 (2007) (internal citations omitted).

The Court accepts the assertion that Defendants Paul and Collins were performing discretionary functions of their jobs at the time of the events alleged in the instant cause of action. As discussed previously, however, genuine issues of material fact exist as to whether Defendants Paul and Collins were aware of an excessive use of force incident involving Plaintiff and whether this incident took place in the presence of these Defendants and they failed to intervene on Plaintiff's behalf. It was clearly established law at the time of this incident that prison officials are not to allow inmates to

be subjected to an excessive use of force. It was clearly established law at the time of this incident that supervisory officials' knowledge of unconstitutional acts of their employees, coupled with the failure to act, result in the violation of an inmate's constitutional rights. Defendants are not entitled to summary judgment based on qualified immunity.

### IV. 18 U.S.C. § 2340

Defendants Paul and Collins assert 18 U.S.C. § 2340 creates no right for Plaintiff to seek redress, as this statute does not provide for an individually enforced right. Defendants Paul and Collins assert section 2340 is a criminal statute, and thus, is inapplicable to the case at hand.

18 U.S.C. § 2340A(a) provides: "Whoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both, and if death results to any person from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life." "Nothing in this chapter shall be construed as precluding the application of State or local laws on the same subject, nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any civil proceeding." 18 U.S.C. § 2340B. 18 U.S.C. § 2340 is the statute which defines "torture" within the meaning of § 2340A.

Section 2340A is a criminal statute and does not allow an individual to pursue a claim in a civil proceeding. To the extent Plaintiff seeks to recover for acts of torture, as defined in this statute, he cannot do so. Defendants Paul and Collins are entitled to

summary judgment as to any claims of torture Plaintiff may have set forth pursuant to this statute.

## V. Georgia Constitution Claims

Defendants Paul and Collins assert Plaintiff seeks recovery under the Georgia constitution and that his claims are governed by the Georgia Tort Claims Act. Defendants Paul and Collins aver the Georgia Tort Claims Act is the exclusive remedy for any tort action brought against the State, and, accordingly, Plaintiff was required to give notice of his claims to the appropriate government agency and the Risk Management Division of the Department of Administrative Services. Defendants Paul and Collins also aver the Georgia Tort Claims Act does not provide for a cause of action against State employees in their individual capacities.

A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). However, section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights. City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.1 (11th Cir. 2002) (citing Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)). Plaintiff brought the instant cause of action pursuant to 42 U.S.C. § 1983. (Compl., p. 1). To the extent Plaintiff seeks to recover under § 1983 for alleged violations of state laws, he cannot do so. Accordingly, it is unnecessary to address the assertion of Defendants Paul and Collins that they are immune from suit pursuant to the Georgia Tort Claims Act. See O.C.G.A.

§ 50-21-25(a) ("A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor."). Thus, Defendants Paul and Collins are entitled to summary judgment to the extent Plaintiff attempts to assert claims against them pursuant to State law.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants Paul and Collins (Doc. No. 28) be **GRANTED**, in part, and **DENIED**, in part. Plaintiff's claims that Defendants Paul and Collins were aware of a practice or pattern of excessive use of force incidents and that they violated the provisions of 18 U.S.C. § 2340 and the Georgia constitution should be **dismissed**. Plaintiff's claims that Defendants Paul and Collins failed to intervene in an alleged excessive use of force incident should remain pending.

**SO REPORTED** and **RECOMMENDED**, this 26th day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)