CHRISTOPHER SHINHOLSTER,

Plaintiff,

v.

CIVIL ACTION NO.: CV606-073

GLENN RICH, Warden; R. D. COLLINS;
JOHN W. PAUL, Deputy Warden;
Lt. REGIONAL LANGSTON, and
Lt. BYRD,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Christopher Shinholster ("Plaintiff"), who was formerly incarcerated at Rogers State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. Defendant Lieutenant Randy Byrd ("R. Byrd") filed a Motion for Summary Judgment, and Plaintiff responded. R. Byrd filed a Reply, and Plaintiff filed a Counter Statement. For the reasons which follow, Defendant Randy Byrd's Motion for Summary Judgment should be **GRANTED**, in part, and **DENIED**, in part.

## STATEMENT OF THE CASE

Plaintiff alleges he was assaulted by officers at Rogers State Prison at the instigation of Defendants Paul and Collins, who were Deputy Wardens at Rogers State Prison at the time of this alleged incident. Plaintiff contends he was escorted to meet Defendant Collins and was told to wait and stand with his face close against the wall. Plaintiff also contends Defendant Paul asked him a question, which he could not hear,

and then Defendant R. Byrd elbowed Plaintiff in the back of his head. Plaintiff further contends he was taken into Defendant Collins' office, where he was assaulted by Defendant Langston while Defendant R. Byrd laughed. Plaintiff also asserts he was not taken to the prison's medical unit for treatment of his wounds and was placed in solitary confinement for eight (8) days until outward evidence of his physical injuries could heal.

R. Byrd asserts, assuming Plaintiff could establish a claim for liability against him, Plaintiff is unable to show that his alleged injuries were caused by an alleged excessive use of force. R. Byrd alleges there is no evidence that any of his alleged actions caused anything more than de minimis injury to Plaintiff, whereas there is "quite significant" evidence to the contrary. (Doc. No. 27, p. 5). R. Byrd contends Plaintiff cannot state a valid cause of action pursuant to 18 U.S.C. § 2340 or the Georgia constitution.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Plaintiff's Excessive Use of Force Claims**

R. Byrd avers Plaintiff has shown a history of manipulation to achieve results while he was incarcerated, and it was not until after Plaintiff was made aware of claims made by other prisoners that Plaintiff made allegations against officials at Rogers State Prison. R. Byrd asserts Plaintiff's contention that he received swelling to his forehead and the side of his face are "clearly" de minimis injuries. (Doc. No. 27, p. 5). R. Byrd contends the only injury Plaintiff claims to suffer from which could be considered more

than de minimis is having chronic headaches; however, R. Byrd also contends, Plaintiff's medical records indicate Plaintiff suffered from headaches prior to this alleged incident.

Plaintiff asserts R. Byrd hit him in the back of the head with his elbow, which caused Plaintiff's head to hit the wall he was facing at the time. Plaintiff asserts he was assaulted twice while he was restrained and suffered head injuries, which caused him to have more severe headaches than he did prior to this incident. (Doc. No. 51, p. 17).

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. Id. at 321, 106 S. Ct. at 1085. To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious

and sadistic purpose to inflict harm and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

The evidence before the Court reveals the existence of genuine issues of material fact. R. Byrd does not assert in direct terms that there was no excessive use of force against Plaintiff, but Plaintiff contends R. Byrd subjected him to the excessive use of force. (Doc. No. 32, p. 185). There is no evidence of Plaintiff doing anything, such as failing to follow orders, which would require officers to use any amount of force on Plaintiff. See Walker v. Madison, 2007 WL 143014, at *1 (S.D. Ga. Jan. 17, 2007) (noting the differences between cases where there is undisputed evidence that the plaintiffs' actions required the use of force by officers and the case where there was disputed evidence as to the need to apply force). Moreover, the Court recognizes the lack of medical evidence supporting Plaintiff's assertion that he suffered injuries as a result of an excessive use of force. Having noted this, however, the Court cannot ignore Plaintiff's assertions that he was afraid to tell anyone about this alleged incident out of fear of being assaulted again (e.g., Doc. No. 52, pp. 6-7), the use of force incident allegedly left him with swelling to his forehead and jaw (Doc. No. 52, p. 7; Doc. No. 32, p. 176), that he was put in solitary confinement for eight (8) days until outward evidence of his injuries could heal (Doc. No. 51, p. 4), and that he had an increase in spells of dizziness and the severity and regularity of his headaches after this alleged incident. (Doc. No. 32, pp. 81-82); see also, Harris v. Chapman, 97 F.3d 499, 505-06 (11th Cir. 1996) (recognizing the exacerbation of an inmate's condition was more than a de minimis injury). Even Defendant R. Byrd recognizes Plaintiff's chronic headaches could be considered more than a de minimis injury, despite the absence of evidence that

these headaches were caused by the alleged use of force incident. (Doc. No. 27, p. 5). Taking Plaintiff's assertions as true, it took more than a week for outward signs of his injuries to heal; this may be an indication that Plaintiff's injuries were more than de minimis. R. Byrd presents issues which cannot be decided in a motion for summary judgment. Much of what R. Byrd contends on Plaintiff's excessive force claim represents determinations which must be reached by a jury, such as the credibility of the parties. Accordingly, R. Byrd is not entitled to summary judgment on Plaintiff's excessive force claim.

## II. 18 U.S.C. § 2340

Defendant R. Byrd asserts 18 U.S.C. § 2340 creates no right for Plaintiff to seek redress, as this statute does not provide for an individually enforced right. R. Byrd asserts section 2340 is a criminal statute, and thus, is inapplicable to the case at hand.

18 U.S.C. § 2340A(a) provides: "Whoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both, and if death results to any person from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life." "Nothing in this chapter shall be construed as precluding the application of State or local laws on the same subject, nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any civil proceeding." 18 U.S.C. § 2340B. 18 U.S.C. § 2340 is the statute which defines "torture" within the meaning of § 2340A.

Section 2340A is a criminal statute and does not allow an individual to pursue a claim in a civil proceeding. To the extent Plaintiff seeks to recover for acts of torture, as

AO 72A
(Rev. 8/82)

6

defined in this statute, he cannot do so. R. Byrd is entitled to summary judgment as to any claims of torture Plaintiff may have set forth pursuant to this statute.

## III. Georgia Constitution Claims

Defendant R. Byrd asserts Plaintiff seeks recovery under the Georgia constitution and that his claims are governed by the Georgia Tort Claims Act. R. Byrd contends the Georgia Tort Claims Act is the exclusive remedy for any tort action brought against the State, and, accordingly, Plaintiff was required to give notice of his claims to the appropriate government agency and the Risk Management Division of the Department of Administrative Services. R. Byrd also contends the Georgia Tort Claims Act does not provide for a cause of action against a State employee in his individual capacity.

A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). However, section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights. City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.1 (11th Cir. 2002) (citing Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)). Plaintiff brought the instant cause of action pursuant to 42 U.S.C. § 1983. (Compl., p. 1). To the extent Plaintiff seeks to recover under § 1983 for alleged violations of state laws, he cannot do so. Accordingly, it is unnecessary to address Defendant R. Byrd's assertion that he is immune from suit pursuant to the Georgia Tort Claims Act. See O.C.G.A. § 50-21-25(a) ("A state officer or employee who commits a tort while acting within the scope of his or

her official duties or employment is not subject to lawsuit or liability therefor."). Thus, Defendant R. Byrd is entitled to summary judgment to the extent Plaintiff attempts to assert claims against him pursuant to State law.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Randy Byrd's Motion for Summary Judgment (Doc. No. 25) be **GRANTED**, in part, and **DENIED**, in part. Plaintiff's claims that Defendant Randy Byrd violated the provisions of 18 U.S.C. § 2340 and the Georgia constitution should be **dismissed**. Plaintiff's claim that Defendant Randy Byrd allegedly subjected Plaintiff to an excessive of force should remain pending.

**SO REPORTED** and **RECOMMENDED**, this 26th day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE